COPY

COOK & ROOS LLP
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone: 415-362-7071
Facsimile: 415-362-7073

Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

ORIGINAL FILED 04 JUL 29 PM 2:16 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 04 3093 EDL

| | |
|---|---|
| CHARLOTTE RAWA<br><br>Plaintiff,<br><br>v.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No:<br><br>**NOTICE OF REMOVAL** |

Defendant MEYERS PRINTING COMPANY, INC. ("Defendant"), sued herein as "MEYERS PRINTING COMPANIES, INC.," files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446. This action has been removed to this Court for the reasons set forth below:

1. On June 30, 2004, Plaintiff filed a Complaint for Damages in the Superior Court of the State of California in and for the County of San Francisco, entitled Charlotte Rawa v. Meyers Printing Companies, Inc., Case No. CGC-04-432651 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A. On July 15, 2004, Plaintiff filed a First Amended Complaint for Damages in the Superior Court of the State of California in and for the County of San Francisco (the "First Amended Complaint"), attached hereto as Exhibit B.

2. July 2, 2004 was the first date upon which Defendant received a copy of the Complaint and summons in the state court action. A copy of the summons is attached hereto as Exhibit C. This Notice of Removal is timely since it has been filed "within thirty days after the receipt by [defendant] . . . of a copy of the initial pleading," as required by 28 U.S.C. § 1446. Defendant is the only defendant who had been served a summons and complaint in this action.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 (a), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Defendant is informed and believes that plaintiff Charlotte Rawa was at the time of the events that give rise to this action, and still is, a citizen of California. Defendant Meyers Printing Companies, Inc. was at the time of the filing of this action, and still is, a citizen of the State of Minnesota because it is incorporated under the laws of the State of Minnesota, and has its principal place of business in the State of Minnesota.

5. It is apparent from the face of the Complaint that the amount in controversy in this matter exceeds $75,000. Plaintiff alleges that she was employed by Defendant at an annual salary of $90,000 and seeks economic damages for front pay, back pay and lost benefits and punitive damages, which, if proven, would exceed $75,000.

6 Defendant has filed an Answer to the Plaintiff's First Amended Complaint in the Superior Court. That Answer is attached hereto as Exhibit D. No proceedings have occurred in the Superior Court about which Defendant has knowledge.

7. As required by 28 U.S.C. § 1446(d), and affirmed in the attached Proof of Service, Defendant is providing a copy of this Notice of Removal to plaintiff.

8. Also, as required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Superior Court for the State of California in the County of San Francisco. See Exhibit E.

WHEREFORE, Defendant prays that this action be removed from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: July 29, 2004

COOK & ROOS LLP

By [signature]

MICHAEL E. WILBUR
Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

P072904-notice of removal-USDC

Case Name: Rawa v. Meyers Printing Company, Inc.
Case No:

PROOF OF SERVICE VIA U.S. MAIL

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the within action. I am a resident of the State of California, employed in the City and County of San Francisco, State of California, in which county the within-mentioned mailing occurred. My business address is that of Cook & Roos LLP, 221 Main Street, Suite 1600, San Francisco, California 94105.

On July 29, 2004, at the offices of Cook & Roos LLP I served a true copy of the attached document titled exactly:

**NOTICE OF REMOVAL**

by placing it in a sealed envelope and depositing it in the United States mail, first class postage fully prepaid, addressed to the following:

David J. Mattingly
Law Offices of David Mattingly
368 Hayes Street
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 29, 2004 at San Francisco, California.

Linda A. Moore
Linda A. Moore

# EXHIBIT A

ENDORSED
FILED
San Francisco County Superior Court

JUN 3 0 2004

GORDON PARK-LI, Clerk
BY: Deputy Clerk
DE LA VEGA-NAVARRO, Rossaly

DAVID J. MATTINGLY, Esq. (118174)
AARON P. MINNIS, Esq. (202935)
Law Offices of David Mattingly
368 Hayes Street
San Francisco, California 94102
Tel: (415) 551-0882
Fax: (415) 551-0889
URL: mattinglylawoffice.com

Attorneys for Plaintiff
CHARLOTTE RAWA

CASE MANAGEMENT CONFERENCE SET
PLAN I DEC 0 3 2004 9:00 AM
DEPARTMENT 212

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLOTTE RAWA,<br><br>Plaintiff,<br><br>vs.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS LABEL and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: CGC-04-432651<br><br>**COMPLAINT FOR DAMAGES**<br><br>• *Violation of San Francisco Police Code, Article 33, §§3301 et seq.;*<br>• *Intrusion (Invasion of Privacy);*<br>• *Violation of Cal. Civil Code §56.20 et seq.;*<br>• *Failure to Pay Wages Upon Termination - Cal. Labor Code §201 et seq.;*<br>• *Tortious Discharge in Violation of Public Policy.* |

COMES NOW plaintiff **CHARLOTTE RAWA** for causes of action, and alleges as follows:



COPY

## I. PRELIMINARY ALLEGATIONS

1. Plaintiff CHARLOTTE RAWA ("RAWA"), is an individual who resides in the County of San Francisco.

2. Co-Defendant MEYERS PRINTING COMPANY, INC., is a corporation doing business in the County of San Francisco. On information and belief, MEYERS PRINTING COMPANY, INC. is doing business as MEYERS DISPLAY and/or MEYERS LABEL and/or MEYERS COMMUNICATION SERVICES. All defendants are referred to collectively as "Meyers."

3. The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 are at this time unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this complaint to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of the other co-defendants, and in doing the actions hereinafter mentioned, was and is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture, and with the permission and consent of each co-defendant.

5. Meyers hired Rawa on or about August 11, 2000 as Vice President, Strategic Accounts, Western Region, in furtherance of Meyers Communication Services' efforts to expand its operations into Northern California. Rawa was based in San Francisco, and Meyers operated its Northern California sales office from her personal residence. Her initial annual salary was $90,000, plus commissions and benefits.

6. During her employment, Rawa consistently received positive feedback. She developed close business relationships with most if not all of her clients, resulting in increased sales for Meyers. This was acknowledged by Meyers in October 2003 through Rawa's direct supervisor, Mr. Blondin, when he remarked that Rawa was "well-liked" by her clients and was "sure" she would continue to succeed. During her employment, Rawa regularly met her sales goals; in the last two months of 2003 alone she invoiced about $300,000, despite several challenges in her personal life. On February 11, 2004, Mr. Blondin again congratulated Rawa, telling her "I see that your margin overall has continued to improve over the last three quarters. Nice work and thanks!"

7. On February 17, 2004, Rawa took medical leave for clinical depression. She was hospitalized for three days, and then partially hospitalized for a brief period of time. She promptly notified her employer of her initial hospitalization and subsequent need for continuing treatment, and she continued to perform her duties on a limited basis. Thereafter, Blondin repeatedly demanded that Rawa disclose the reason for her hospitalization. He had engaged in the same conduct in October 2003, when Rawa was briefly hospitalized to treat a ruptured ovarian cyst. At that time, Blondin had pressured Rawa to reveal her private medical information, and she did so out of fear that she would lose her job if she did not. In February 2004, Blondin repeated his conduct, when he asked Rawa no fewer than 10 times to divulge her medical condition, including the reason for her hospitalization. Because Rawa wanted to maintain her employment and to protect her private medical information, she sought the advice of hospital staff, who told her that she needed only to disclose where she was hospitalized and when she expected to return to work. Rawa followed the hospital's advice. Thereafter, Blondin continued to demand that Rawa disclose her private medical information. Other individuals on behalf of Meyers also pressured plaintiff to disclose her private medical information. Rawa's refusal to do so angered Meyers' owners. Meyers discriminated against Rawa for refusing to disclose her medical information, or otherwise to authorize the disclosure of such information by her health care providers, and retaliated against her when it decided to terminate her employment on March 10, 2004.

8. Blondin arranged a meeting with Rawa on March 10, 2004, at a coffee shop near her San Francisco home. He told Rawa that her employment was terminated, even though Rawa had made sales that resulted in commissions which covered her base salary, and had received positive feedback from Blondin and her clients. When Rawa asked Blondin to explain Meyers' decision for the termination, he initially refused. Later, he told Rawa that Meyers terminated her because, in his words, there were "not a lot of Charlotte fans." He said "there are questions whether you should be in this business", and although "it wasn't my decision, the company isn't willing to continue supporting you for whatever you're going through for however long." Blondin confessed, "I can't do anything about that." He added that certain unnamed clients were unhappy with Rawa, which was untrue.

9. The next day, Rawa contacted Fred Silloway, the Division Head, to ask him about the termination, because she believed that Silloway had been very supportive of her in the past. He told her simply that he did not agree with the decision, but that it was a "battle" he "couldn't win." Defendants willfully refused to pay Rawa all wages due and owing at the time of her termination, and continued to withhold payment for more than 30 days after her termination. To date, defendants have refused to pay Rawa commissions owing from sales invoiced prior to her termination, although defendants represented that Rawa would be paid for everything that she sold regardless of when it shipped and invoiced.

10. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

11. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## II. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### *(Discrimination in Violation of San Francisco Police Code, Art. 33)*

12. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Defendants, and each of them, violated San Francisco Police Code, Article 33, §§3303, which prohibits an employer from discharging any individual based on a disability. Defendant is a covered employer within the meaning of the Code. Plaintiff suffers from clinical depression, which is a mental disability. She was qualified for her position and competently performing her job at the time of her termination.

14. Plaintiff notified the defendants that she was hospitalized. On information and belief, defendants knew or regarded plaintiff as a person with a disability.

15. On March 10, 2004, defendants terminated plaintiff based on her disability. Defendants failed to provide plaintiff with a reasonable accommodation or, at minimum, to engage in good faith, interactive process to determine whether to provide plaintiff a reasonable accommodation, such as time off. Separately, defendants retaliated against plaintiff in violation of §3303 immediately after she notified defendants that she had a medical condition that required hospitalization.

16. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

17. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to

cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## SECOND CAUSE OF ACTION

*(Intrusion - Invasion of Privacy)*

18. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Plaintiff has a right to be free from intrusion into her private affairs, both in the workplace and at home. Plaintiff has a right to live her life in seclusion and to be let alone. Defendants, and each of them, intentionally intruded upon the solitude, seclusion, private affairs and concerns of plaintiff in a manner that would be highly offensive to a reasonable person, and in a manner that was highly offensive to plaintiff, without plaintiff's consent. Defendants discriminated and retaliated against plaintiff based on her refusal to disclose her private medical information.

20. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

21. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## THIRD CAUSE OF ACTION

*(Violation of Cal. Civil Code §56.20)*

22. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. It is unlawful for an employer to discriminate against an employee in the terms or conditions of employment due to that employee's refusal to authorize the release of medical information. Defendants discriminated against plaintiff with regard to the terms and conditions of employment and terminated her because plaintiff refused to authorize the release of private medical information to defendants.

24. As a direct and proximate result of defendants' willful, knowing and intentional conduct, and plaintiff's refusal to disclose her private medical information to defendants, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

25. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## FOURTH CAUSE OF ACTION

*(Failure to Pay Wages)*

26. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. An employer who initiates a termination must immediately pay all compensation due and owing to the employee under Labor Code §201 et seq. Defendants are "employers", and plaintiff is an "employee", within the meaning of section 201 *et seq.*

28. Defendants willfully failed to pay Rawa all wages due and owing at the time of her termination, and continued to withhold payment for more than 30 days after her termination. To date, defendants have willfully refused to pay Rawa commissions owing from sales invoiced prior to her termination, although defendants represented that Rawa would be paid for everything that she sold regardless of when it shipped and invoiced.

29. As a result of defendants' failure to pay wages due at the time of termination, plaintiff is entitled to all unpaid wages, including but not limited to commissions, as well as statutory waiting time penalties, statutory interest, and statutory attorney fees and costs.

## FIFTH CAUSE OF ACTION

*(Tortious Discharge in Violation of Public Policy)*

30. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. The termination of an employee in violation of one or more public policies constitutes a wrongful tortious discharge.

32. The public policy of the State of California is to protect employees from discrimination or retaliation with regard to the terms and conditions of employment based on the employee's real or perceived disability. The public policy of the State of California is to protect employees from retaliation for exercising legal rights, including the right to take leave to care for the employee's own serious medical condition. The public policy of the State of California is to protect and preserve the employee's right of privacy regarding her medical information and to prohibit discrimination and/or retaliation for refusing to disclose private medical information. The public policy of the State of California is to prohibit employers from terminating employees to avoid paying wages or benefits, or to refuse to pay all wages due and owing upon the termination date.

33. These policies are embodied in Fair Employment and Housing Act; California Family Rights Act; Cal Labor Code §§201-203; Article 33 of the San Francisco Police Code; Civil Code §§56.20, 1569; and the California Constitution, Art. 1, Sec. 1. These statutes embrace well-established, substantial and fundamental policies which promote a

public, rather than a limited, private benefit, *viz*: the broadly accepted right to be free from discrimination in employment, to request and take medical leave, and to maintain medical privacy without discrimination and/or retaliation, and to receive prompt payment of wages and benefits.

34. Defendants discriminated against plaintiff based on her disability. Defendants retaliated against plaintiff for taking leave to care for her own serious medical condition. Defendants retaliated against plaintiff for requesting a reasonable accommodation, including time off to care her own serious medical condition. Defendants discriminated and retaliated against plaintiff for refusing to disclose her private medical information. Defendants terminated plaintiff to avoid paying her wages and benefits and failed to pay all wages due and owing at the time of her termination. Defendants' conduct with respect to plaintiff's employment, as alleged more fully herein, constitutes separate and distinct violations of public policy.

35. As a direct and proximate result of defendant's willful, knowing and intentional conduct, plaintiff suffered substantial economic damages. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

36. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## III. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as set forth below:

**All Causes of Action:**

A) Economic damages, including but not limited to back pay, front pay, and lost benefits;

B) Non-economic damages, including emotional distress and pain and suffering, according to proof;

C) Punitive and exemplary damages according to proof; and

D) Such other relief as the Court may deem just.

**1st Cause of Action Only:**

A) Statutory attorney fees and costs of suit.

**3rd Cause of Action Only:**

A) Punitive damages not to exceed three thousand dollars ($3,000), as permitted by statute;

B) Attorney's fees not to exceed one thousand dollars ($1,000), as permitted by statute; and

C) Costs of litigation.

**4th Cause of Action Only:**

A) All wages due and owing, including but not limited to unpaid commissions;

B) Statutory waiting time penalties;

C) Statutory interest; and

D) Statutory attorney fees and costs of suit.

**DATED:** June 29, 2004

Law Offices of David J. Mattingly

By: ____________________
**AARON P. MINNIS, ESQ.**
Attorneys for Plaintiff
**CHARLOTTE RAWA**

# EXHIBIT B

[redacted]

DAVID J. MATTINGLY, Esq. (118174)
AARON P. MINNIS, Esq. (202935)
Law Offices of David Mattingly
368 Hayes Street
San Francisco, California 94102
Tel: (415) 551-0882
Fax: (415) 551-0889
URL: mattinglylawoffice.com

Attorneys for Plaintiff
**CHARLOTTE RAWA**

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUL 1 5 2004

GORDON PARK-LI, Clerk
BY: ______________
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLOTTE RAWA,<br><br>Plaintiff,<br><br>vs.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS LABEL and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | **CASE NO.: CGC-04-432651**<br><br>**<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>**<br><br>• *Violation of Fair Employment and Housing Act (FEHA) - Cal. Govt Code §§12900 et seq.);*<br>• *Violation of San Francisco Police Code, Article 33, §§3301 et seq.;*<br>• *Intrusion (Invasion of Privacy);*<br>• *Violation of Cal. Civil Code §56.20 et seq.;*<br>• *Failure to Pay Wages Upon Termination - Cal. Labor Code §201 et seq.;*<br>• *Tortious Discharge in Violation of Public Policy.* |

COMES NOW plaintiff **CHARLOTTE RAWA** for causes of action, and alleges as follows:



COPY

## I. PRELIMINARY ALLEGATIONS

1. Plaintiff CHARLOTTE RAWA ("RAWA"), is an individual who resides in the County of San Francisco.

2. Co-Defendant MEYERS PRINTING COMPANY, INC., is a corporation doing business in the County of San Francisco. On information and belief, MEYERS PRINTING COMPANY, INC. is doing business as MEYERS DISPLAY and/or MEYERS LABEL and/or MEYERS COMMUNICATION SERVICES. Defendants are referred to collectively as "Meyers."

3. The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 10 are at this time unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this complaint to reflect their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

4. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each and every defendant was and is the predecessor-in-interest, successor-in-interest, agent, counselor, employee, servant, partner, franchisee and/or joint venturer of each of the other co-defendants, and in doing the actions hereinafter mentioned, was and is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and/or joint venture, and with the permission and consent of each co-defendant.

5. Meyers hired Rawa on or about August 11, 2000 as Vice President, Strategic Accounts, Western Region, in furtherance of Meyers Communication Services' efforts to expand its operations into Northern California. Rawa was based in San Francisco, and Meyers operated its Northern California sales office from her personal residence. Her annual salary was $90,000, plus commissions and benefits.

6. During her employment, Rawa consistently received positive feedback. She developed close business relationships with most if not all of her clients, resulting in increased sales for Meyers. This was acknowledged by Meyers in October 2003 through Rawa's direct supervisor, Mr. Blondin, when he remarked that Rawa was "well-liked" by her clients and was "sure" she would continue to succeed. During her employment, Rawa regularly met her sales goals; in the last two months of 2003 alone she invoiced about $300,000, despite several challenges in her personal life. On February 11, 2004, Mr. Blondin again congratulated Rawa, telling her "I see that your margin overall has continued to improve over the last three quarters. Nice work and thanks!"

7. On February 17, 2004, Rawa took medical leave for clinical depression. She was hospitalized for three days, and then partially hospitalized for a brief period of time. She promptly notified her employer of her initial hospitalization and subsequent need for continuing treatment, and she continued to perform her duties on a limited basis. Thereafter, Blondin repeatedly demanded that Rawa disclose the reason for her hospitalization. He had engaged in the same conduct in October 2003, when Rawa was briefly hospitalized to treat a ruptured ovarian cyst. At that time, Blondin had pressured Rawa to reveal her private medical information, and she did so out of fear that she would lose her job if she did not. In February 2004, Blondin repeated his conduct, when he asked Rawa no fewer than 10 times to divulge her medical condition, including the reason for her hospitalization. Because Rawa wanted to maintain her employment and to protect her private medical information, she sought the advice of hospital staff, who told her that she needed only to disclose where she was hospitalized and when she expected to return to work. Rawa followed the hospital's advice. Thereafter, Blondin continued to demand that Rawa disclose her private medical information. Other individuals on behalf of Meyers also pressured plaintiff to disclose her private medical information. Rawa's refusal to do so angered Meyers' owners. Meyers discriminated against Rawa for refusing to disclose her medical information, or otherwise to authorize the disclosure of such information by her health care providers, and retaliated against her when it decided to terminate her employment on March 10, 2004.

8. Blondin arranged a meeting with Rawa on March 10, 2004, at a coffee shop near her San Francisco home. He told Rawa that her employment was terminated, even though Rawa had made sales that resulted in commissions which covered her base salary, and had received positive feedback from Blondin and her clients. When Rawa asked Blondin to explain Meyers' decision for the termination, he initially refused. Later, he told Rawa that Meyers terminated her because, in his words, there were "not a lot of Charlotte fans." He said "there are questions whether you should be in this business", and although "it wasn't my decision, the company isn't willing to continue supporting you for whatever you're going through for however long." Blondin confessed, "I can't do anything about that." He added that certain unnamed clients were unhappy with Rawa, which was untrue.

9. The next day, Rawa contacted Fred Silloway, the Division Head, to ask him about the termination, because she believed that Silloway had been very supportive of her in the past. He told her simply that he did not agree with the decision, but that it was a "battle" he "couldn't win." Defendants willfully refused to pay Rawa all wages due and owing at the time of her termination, and continued to withhold payment for more than 30 days after her termination. To date, defendants have refused to pay Rawa commissions owing from sales invoiced prior to her termination, although defendants represented that Rawa would be paid for everything that she sold regardless of when it shipped and invoiced.

10. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

11. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## II. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

***(Discrimination in Violation of FEHA - Cal Govt Code §§12900 et seq.)***

12. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Defendants, and each of them, violated FEHA, which prohibits an employer from discharging an employee based on disability. Defendant is a covered employer within the meaning of the Act. Plaintiff suffers from clinical depression, which is a mental disability; alternatively, defendant perceived plaintiff as having a disability. She was qualified for her position and competently performing her job at the time of her termination.

14. Plaintiff notified the defendants that she was hospitalized. On information and belief, defendants knew or regarded plaintiff as a person with a disability.

15. On March 10, 2004, defendants terminated plaintiff based on her disability. Defendants failed to provide plaintiff with a reasonable accommodation or, at minimum, to engage in good faith, interactive process to determine whether to provide plaintiff a reasonable accommodation, such as time off. Separately, defendants retaliated against plaintiff in violation of FEHA immediately after she notified defendants that she had a medical condition that required hospitalization.

16. Plaintiff has sought and obtain her notice of right to sue letter from the Department of Fair Employment and Housing.

17. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

18. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive,

despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## SECOND CAUSE OF ACTION

*(Discrimination in Violation of San Francisco Police Code, Art. 33)*

19. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Defendants, and each of them, violated San Francisco Police Code, Article 33, §§3303, which prohibits an employer from discharging any individual based on a disability. Defendant is a covered employer within the meaning of the Code. Plaintiff suffers from clinical depression, which is a mental disability. She was qualified for her position and competently performing her job at the time of her termination.

21. Plaintiff notified the defendants that she was hospitalized. On information and belief, defendants knew or regarded plaintiff as a person with a disability.

22. On March 10, 2004, defendants terminated plaintiff based on her disability. Defendants failed to provide plaintiff with a reasonable accommodation or, at minimum, to engage in good faith, interactive process to determine whether to provide plaintiff a reasonable accommodation, such as time off. Separately, defendants retaliated against plaintiff in violation of §3303 immediately after she notified defendants that she had a medical condition that required hospitalization.

23. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

24. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive,

despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

**THIRD CAUSE OF ACTION**

*(Intrusion - Invasion of Privacy)*

25. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Plaintiff has a right to be free from intrusion into her private affairs, both in the workplace and at home. Plaintiff has a right to live her life in seclusion and to be let alone. Defendants, and each of them, intentionally intruded upon the solitude, seclusion, private affairs and concerns of plaintiff in a manner that would be highly offensive to a reasonable person, and in a manner that was highly offensive to plaintiff, without plaintiff's consent. Defendants discriminated and retaliated against plaintiff based on her refusal to disclose her private medical information.

27. As a direct and proximate result of defendants' willful, knowing and intentional conduct, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

28. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## FOURTH CAUSE OF ACTION

*(Violation of Cal. Civil Code §56.20)*

29. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. It is unlawful for an employer to discriminate against an employee in the terms or conditions of employment due to that employee's refusal to authorize the release of medical information. Defendants discriminated against plaintiff with regard to the terms and conditions of employment and terminated her because plaintiff refused to authorize the release of private medical information to defendants.

31. As a direct and proximate result of defendants' willful, knowing and intentional conduct, and plaintiff's refusal to disclose her private medical information to defendants, plaintiff suffered substantial economic damages, including but not limited to lost wages, commissions and benefits. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

32. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## FIFTH CAUSE OF ACTION

*(Failure to Pay Wages)*

33. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. An employer who initiates a termination must immediately pay all compensation due and owing to the employee under Labor Code §201 et seq. Defendants are "employers", and plaintiff is an "employee", within the meaning of section 201 *et seq.*

35. Defendants willfully failed to pay Rawa all wages due and owing at the time of her termination, and continued to withhold payment for more than 30 days after her termination. To date, defendants have willfully refused to pay Rawa commissions owing from sales invoiced prior to her termination, although defendants represented that Rawa would be paid for everything that she sold regardless of when it shipped and invoiced.

36. As a result of defendants' failure to pay wages due at the time of termination, plaintiff is entitled to all unpaid wages, including but not limited to commissions, as well as statutory waiting time penalties, statutory interest, and statutory attorney fees and costs.

## SIXTH CAUSE OF ACTION

### *(Tortious Discharge in Violation of Public Policy)*

37. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. The termination of an employee in violation of one or more public policies constitutes a wrongful tortious discharge.

39. The public policy of the State of California is to protect employees from discrimination or retaliation with regard to the terms and conditions of employment based on the employee's real or perceived disability. The public policy of the State of California is to protect employees from retaliation for exercising legal rights, including the right to take leave to care for the employee's own serious medical condition. The public policy of the State of California is to protect and preserve the employee's right of privacy regarding her medical information and to prohibit discrimination and/or retaliation for refusing to disclose private medical information. The public policy of the State of California is to prohibit employers from terminating employees to avoid paying wages or benefits, or to refuse to pay all wages due and owing upon the termination date.

40. These policies are embodied in Fair Employment and Housing Act; California Family Rights Act; Cal Labor Code §§201-203; Article 33 of the San Francisco Police Code; Civil Code §§56.20, 1569; and the California Constitution, Art. 1, Sec. 1. These statutes embrace well-established, substantial and fundamental policies which promote a

public, rather than a limited, private benefit, *viz:* the broadly accepted right to be free from discrimination in employment, to request and take medical leave, and to maintain medical privacy without discrimination and/or retaliation, and to receive prompt payment of wages and benefits.

41. Defendants discriminated against plaintiff based on her disability. Defendants retaliated against plaintiff for taking leave to care for her own serious medical condition. Defendants retaliated against plaintiff for requesting a reasonable accommodation, including time off to care her own serious medical condition. Defendants discriminated and retaliated against plaintiff for refusing to disclose her private medical information. Defendants terminated plaintiff to avoid paying her wages and benefits and failed to pay all wages due and owing at the time of her termination. Defendants' conduct with respect to plaintiff's employment, as alleged more fully herein, constitutes separate and distinct violations of public policy.

42. As a direct and proximate result of defendant's willful, knowing and intentional conduct, plaintiff suffered substantial economic damages. As a further direct and proximate result of defendants' willful, knowing and intentional conduct, she suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

43. The acts of defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of plaintiff's rights, and were designed and intended to cause and did, in fact, cause plaintiff to suffer economic and personal injury and therefore justify the awarding of substantial exemplary and punitive damages.

WHEREFORE plaintiff prays for judgment as more fully set forth below.

## III. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as set forth below:

**All Causes of Action:**

A) Economic damages, including but not limited to back pay, front pay, and lost benefits;

B) Non-economic damages, including emotional distress and pain and suffering, according to proof;

C) Punitive and exemplary damages according to proof; and

D) Such other relief as the Court may deem just.

**1st & 2nd Causes of Action Only:**

A) Statutory attorney fees and costs of suit.

**4th Cause of Action Only:**

A) Punitive damages not to exceed three thousand dollars ($3,000), as permitted by statute;

B) Attorney's fees not to exceed one thousand dollars ($1,000), as permitted by statute; and

C) Costs of litigation.

**5th Cause of Action Only:**

A) All wages due and owing, including but not limited to unpaid commissions;

B) Statutory waiting time penalties;

C) Statutory interest; and

D) Statutory attorney fees and costs of suit.

**DATED:** July 15, 2004

Law Offices of David J. Mattingly

By: ________________________
AARON P. MINNIS, ESQ.

Attorneys for Plaintiff
CHARLOTTE RAWA

[redacted]

## CERTIFICATE OF SERVICE

I, Rachel Lesage, hereby declare:

I am a citizen of the United States, over the age of eighteen years and not a party to the instant action. My office address is 368 Hayes Street, San Francisco, California 94102. On July 15, 2004, I caused to be served the following documents:

- **FIRST AMENDED COMPLAINT**

I enclosed a true copy of said documents in an envelope(s) addressed as follows:

Meyers Printing Companies, Inc.
dba Meyers Display and/or Meyers Label
and/or Meyers Communication Services
Attention: Russell Blondin
7277 Boone Avenue North
Minneapolis, Minnesota 55435

XX **BY MAIL** depositing true and correct copies in sealed envelope(s) in the United States Mail in accordance with ordinary business practices during ordinary business hours.

**BY PERSONAL SERVICE** in accordance with ordinary business practices during ordinary business hours.

**BY FAX** at the number(s) listed above.

**BY FEDERAL EXPRESS** overnight delivery.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct. Executed on July 15, 2004, at San Francisco, California.

Rachel Lesage

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

KLH JUL 2 2004

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS LABEL and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTA DEMANDANDO EL DEMANDANTE):***
CHARLOTTE RAWA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO SUPERIOR COURT
CIVIC CENTER COURTHOUSE
400 MCALLISTER STREET SAN FRANCISCO, CA 94102

CASE NUMBER: (Número del Caso): CGC - 04 - 432651

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID J. MATTINGLY, ESQ. (118174) TEL.: 415.551.0883
LAW OFFICES OF DAVID MATTINGLY FAX: 415.551.0889
368 HAYES STREET, SAN FRANCISCO, CALIFORNIA 94102

DATE: JUNE 29, 2004 JUN 3 0 2004 GORDON PARK-LI
*(Fecha)*
Clerk, by DE LA VEGA-NAVARRO, Rossaly, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Meyers Printing Companies Inc, a corporation dba Meyers display and/or Meyers label and/or Meyers communication services
under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

# EXHIBIT D

COPY

COOK & ROOS LLP
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone: 415-362-7071
Facsimile: 415-362-7073

Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
JUL 2 8 2004
GORDON PARK-LI, CLERK
BY: ______ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLOTTE RAWA<br><br>Plaintiff,<br><br>v.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No: CGC-04-432651<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Meyers Printing Company, Inc., sued herein as Meyers Printing Companies, Inc., hereby answers the unverified First Amended Complaint of Plaintiff Charlotte Rawa (the "Complaint"), and each and every cause of action set forth as follows:

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies generally each and every allegation contained in the Complaint. Defendant further specifically denies that Plaintiff has been damaged in any sum whatsoever, or that she is entitled to the relief requested or any other relief. Defendant further specifically denies that it is liable to Plaintiff under any claim of relief asserted by her. Defendant further denies that Plaintiff sustained any injury, damage or loss, if any, by reason of

any act, omission, or negligence on the part of Defendant, or any agent, servant, or employee of Defendant.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Defendant asserts that neither the Complaint, nor any purported cause of action alleged therein against Defendant, states facts sufficient to constitute a cause of action against Defendant.

SECOND AFFIRMATIVE DEFENSE

(Mitigation of Damages)

2. Defendant asserts, on information and belief, that any damages awarded to Plaintiff should be reduced to the extent that Plaintiff has failed to mitigate damages.

THIRD AFFIRMATIVE DEFENSE

(Punitive Damages)

3. Defendant asserts that Plaintiff's Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages against Defendant.

FOURTH AFFIRMATIVE DEFENSE

(Protection From Excessive Fines)

4. Defendant asserts that Plaintiff's Complaint, to the extent it seeks punitive or exemplary damages, violates the right of Defendant to protection from "excessive fines" as provided in article I, section 17 of the Constitution of the State of California, and violates the right of Defendant to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and in the California Constitution, and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

FIFTH AFFIRMATIVE DEFENSE

(Procedural Due Process)

5. Defendant asserts that Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates the right of Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of California, and therefore fails to state a claim upon which punitive or exemplary damages may be awarded.

SIXTH AFFIRMATIVE DEFENSE

(Limitations Period)

6. Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred in whole or in part to the extent it involves alleged acts outside the applicable limitations period(s).

SEVENTH AFFIRMATIVE DEFENSE

(Privilege and Justification)

7. Defendant asserts that all of the actions attributed to Defendant in Plaintiff's Complaint were privileged and justified under the circumstances known to Defendant.

EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

8. Defendant asserts that Plaintiff's Complaint and each and every cause of action alleged therein is barred because any of the conduct that is alleged to be actionable was taken as a result of conduct by the Plaintiff and Plaintiff is thus estopped to assert any cause of action against Defendant.

NINTH AFFIRMATIVE DEFENSE

(Acts and Omissions)

9. Defendant asserts that Plaintiff's Complaint and each and every cause of action alleged therein is barred because Plaintiff caused, contributed to, or increased by her own actions or omissions any damages she is claiming to have suffered as a result of Defendant's alleged acts.

TENTH AFFIRMATIVE DEFENSE

(Inability to Perform Essential Job Functions)

10. Defendant asserts that Plaintiff's First, Second and Sixth Causes of Action fail in whole or in part because Plaintiff was unable to perform one or more of her essential job functions even with reasonable accommodation.

ELEVENTH AFFIRMATIVE DEFENSE

(Countervailing Interests)

11. The Third and Fourth Causes of Action in Plaintiff's Complaint, and any other cause of action that is based in any way on alleged "invasion" of Plaintiff's "privacy," are barred because any alleged invasion of privacy, if any, was justified because it substantively furthered one or more countervailing interests.

TWELFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

12. Defendant asserts, on information and belief, that any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred or reduced by after-acquired evidence of Plaintiff's misconduct that has or may be discovered.

THIRTEENTH AFFIRMATIVE DEFENSE

(Mixed Motive)

13. Defendant alleges that, to the extent that unlawful reasons were motivating factors, which Defendant denies, legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

14. Defendant alleges, based on information and belief, that Plaintiff's Second Amended Complaint, should be dismissed to the extent this Court lacks jurisdiction over the claims set forth therein.

FIFTEENTH AFFIRMATIVE DEFENSE

(Preemption)

15. Defendant asserts that Plaintiff's Second Cause of Action is pre-empted by state law.

SIXTEENTH AFFIRMATIVE DEFENSE

(Defendant Exempt)

16. Defendant asserts that Plaintiff's First and Sixth Causes of Action fails to the extent they rely on the Fair Employment and Housing Act and the California Family Rights Act, because these statutes do not apply to Defendant.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Consent)

17. Defendant asserts that Plaintiff's Third and Fourth Causes of Action fail because Plaintiff consented to any alleged disclosure of medical information.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

18. Defendant asserts that Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies as to Defendant.

ADDITIONAL AFFIRMATIVE DEFENSES

Defendant hereby further gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action. Defendant reserves the right to amend her answer to assert any such defenses.

Dated: July 28, 2004

COOK & ROOS LLP

By Mike Wilbur /TM

MICHAEL E. WILBUR
Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

Case Name: *Charlotte Rawa v. Meyers Printing Cos., et al.* Case No: CGC-04-432651

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Cook & Roos, LLP, 221 Main Street, 16th Floor, San Francisco, California 94105. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.

On July 28, 2004, at the offices of Cook & Roos, LLP, I served the following document(s) described as set forth below, on the interested parties in this action as indicated below:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

David J. Mattingly, Esq.
Aaron P. Minnis, Esq.
Law Offices of David Mattingly
368 Hayes Street
San Francisco, CA 94102

by placing a true copy thereof in a sealed envelope(s), addressed as above, and by placing them for collection and mailing with postage thereon fully prepaid in accordance with the ordinary business practices of Cook & Roos LLP.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct.

Executed on July 28, 2004 at San Francisco, California.

Linda A. Moore

Linda A. Moore

0-pos-mail.wpd

# EXHIBIT E

COOK & ROOS LLP
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone: 415-362-7071
Facsimile: 415-362-7073

Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CHARLOTTE RAWA<br><br>Plaintiff,<br><br>v.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No: CGC-04-432651<br><br>**NOTICE OF FILING NOTICE OF REMOVAL** |

TO THE SUPERIOR COURT, PLAINTIFF and PLAINTIFF'S ATTORNEYS OF RECORD:

Please take notice that defendant MEYERS PRINTING COMPANY, INC., sued herein as "MEYERS PRINTING COMPANIES, INC.," has filed, in the United States District Court for the Northern District of California, a Notice of Removal of this action to federal court. Pursuant to 28 U.S.C. § 1441 et seq. and the Notice of Removal, this action has been removed to the United States District Court for the Northern District of California. Notice of the filing of this Notice of Removal



EXHIBIT E

(a copy of which is attached hereto) is hereby given to this Court in accordance with 28 U.S.C. § 1446 (d) and served and filed herewith.

Dated: July 29, 2004

COOK & ROOS LLP

By ____________________

MICHAEL E. WILBUR
Attorneys for Defendant
MEYERS PRINTING COMPANY, INC.

P073004-notice of filing of removal (SF Sup).

Case Name: *Charlotte Rawa v. Meyers Printing Cos., et al.* Case No: CGC-04-432651

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Cook & Roos, LLP, 221 Main Street, 16th Floor, San Francisco, California 94105. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.

On July 29, 2004, at the offices of Cook & Roos, LLP, I served the following document(s) described as set forth below, on the interested parties in this action as indicated below:

**NOTICE OF FILING NOTICE OF REMOVAL**

David J. Mattingly, Esq.
Aaron P. Minnis, Esq.
Law Offices of David Mattingly
368 Hayes Street
San Francisco, CA 94102

by placing a true copy thereof in a sealed envelope(s), addressed as above, and by placing them for collection and mailing with postage thereon fully prepaid in accordance with the ordinary business practices of Cook & Roos LLP.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct.

Executed on July 29, 2004 at San Francisco, California.

Linda A. Moore (signature)
Linda A. Moore

0-pos-mail.wpd