COOK & ROOS LLP
MICHAEL E. WILBUR, CBN 152361
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone: 415-362-7071
Facsimile: 415-362-7073

Attorneys for Defendant
MEYERS PRINTING COMPANIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE RAWA,<br><br>Plaintiff,<br><br>v.<br><br>MEYERS PRINTING COMPANIES, INC., a corporation dba MEYERS DISPLAY and/or MEYERS COMMUNICATION SERVICES, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 04-03093 CRB<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES TO THE ABOVE-ENTITLED ACTION, by and through their attorneys of record, that the Court may order the following procedures with respect to discovery in this action:

I.

## PURPOSE OF THE STIPULATION AND PROTECTIVE ORDER

The parties wish to provide a means for limiting access to and disclosure of information and documents designated Confidential Information that is produced through discovery in this lawsuit.

II.

## DEFINITION OF "CONFIDENTIAL INFORMATION"

"Confidential Information" is defined for purposes of the Stipulation and Protective Order as including, but not being limited to, the following:

a. Plaintiff's personal medical information ;

b. Information of a non-public financial nature;

c. Information relating to the financial transactions of the defendant; and

d. Information relating to the customers and suppliers of the defendant, including information regarding sales, contracts, or work being performed pursuant to contracts, between any defendant and its customers and suppliers.

III.

## DESIGNATION OF CONFIDENTIAL INFORMATION

Any party may designate information as Confidential Information if it meets the definition stated in Section II.

A. Designation of documents: Documents may be designated as Confidential Information by placing the word "Confidential" on each page. In lieu of placing the word "Confidential" on the original client document, any party may instead place the word "Confidential" on that copy of the original document which is actually produced in this case.

B. Designation of Deposition Testimony as Confidential Information: Deposition testimony may be designated Confidential Information by the party disclosing such information at the time of the deposition. The portion of the deposition transcript containing the Confidential Information will be kept under seal. If an objection is made to the designation of any portion of a deposition transcript as Confidential Information, that portion of the deposition transcript will

be kept conditionally under seal and the party requesting that it be designated as Confidential Information may seek an order from the Court sealing that portion of the transcript.

IV.

PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

A. Information Designated Confidential Information: Except as may be otherwise provided by further order of the Court, information designated Confidential Information shall be disclosed only to: (i) the following officers and employees of the defendant: Russ Blondin, Chris Dillon, Karen Hagedorn, Carol Wallisch, and David Dillon; (ii) the parties' attorneys of record in this action and their support staff, investigators, legal assistants, agents and employees; (iii) experts and consultants retained by the parties or their attorneys; (iv) the judiciary specific to this litigation, its employees and its agents, including jurors; (v) court reporters specific to this litigation, their transcribers, assistants, and employees; and (vi) witnesses at the trial of this action and deponents in this action. The parties agree that evidence of a disclosure in violation of this Joint Stipulation & Protective Order will result in the filing of a contempt of court proceeding with a demand for all concomitant penalties.

B. Disclosure Pursuant to Consent: Confidential Information may also be disclosed to anyone so authorized by the prior written consent of all of the parties hereto.

C. Individuals and entities identified above, including witnesses and deponents (other than jurors, the judiciary, its employees and agents) shall have access to Confidential Information only after being informed by the disclosing attorney of the provisions of this Stipulation and Protective Order, agreeing to be bound by it, and executing the attached Promise of Confidentiality, before disclosure is made.

V.

FILING CONFIDENTIAL INFORMATION WITH THE COURT

Prior to filing and/or lodging any documents with the Court that were produced by the opposing party which had been designated Confidential Information, the party intending to make the filing and/or lodge the Confidential Information shall notify opposing party's counsel of the

intention to file and/or lodge the Confidential Information with the Court. Notification must occur at least ten (10) court days prior to filing and/or lodging, to allow the party being notified an opportunity to present a motion to the Court requesting those documents be filed and/or lodged under seal, pursuant to Northern District of California Civil Local Rule 79-5. In addition, the party intending to file and/or lodge the Confidential Information shall clearly identify, by Bates stamp number or other reasonable description, to opposing counsel the specific documents that are to be filed and/or lodged with the Court.

The party being notified may then file a motion to seal in accordance with Northern District of California Civil Local Rule 79-5. Pending resolution of the motion to seal, any submission of the Confidential Information will be filed and/or lodged in an envelope or container marked "DOCUMENT FILED UNDER SEAL" as set forth in Northern District of California Civil Local Rule 79-5.

Both parties agree that an election not to seek an order placing specific documents under seal does not constitute a waiver of this Stipulation and Protective Order. Furthermore, any documents which the Court declines to order sealed, do not lose their status as Confidential Information as a result thereof.

VI.

COPIES, EXTRACTS AND SUMMARIES

This Stipulation and Protective Order shall apply to copies, extracts and summaries of documents designated as Confidential Information.

VII.

RETURN OF CONFIDENTIAL INFORMATION

Upon the final disposition (including any appeal, writ, review or rehearing) of the action and upon request of the opposing party, the party in possession of the opposing party's documents designated Confidential Information shall return, or make available for return, all such Confidential Information, and shall do so within thirty (30) days of such request.

In addition, within sixty (60) days of final termination of this litigation, either party may file a motion requesting that any attorney work product documents which incorporate or

reference particular Confidential Information produced by the opposing party pursuant to this Protective Order be: 1) destroyed; 2) redacted to delete all references to the Confidential Information; and/or 3) sealed for a specified period of time and subsequently destroyed. The Court shall retain jurisdiction after termination of this action to hear any such motion and to enforce any order or ruling issued in connection with such a motion. Nothing in this paragraph compels a party to destroy, redact or seal attorney work product documents in the absence of a ruling by the Court that applicable law compels such destruction, redaction or sealing.

VIII.

OBJECTION TO DESIGNATION AND MODIFICATION

If any party believes that a document or other information, which has been designated Confidential Information, should not properly be treated as such within the terms of this Stipulation and Protective Order, that party must notify the disclosing party of its disagreement within ten days of notice of the Confidential Information designation. Counsel for the parties will then endeavor to reach agreement regarding the designation or that document within ten days of the notice of the disagreement. If no agreement can be reached after ten days, the party seeking to challenge the designation of the document shall file a motion for relief with the Court within 14 days thereafter. Until the Court resolves the motion, the document will retain its designation and will be treated pursuant to the terms of the Stipulation and Protective Order. Further, any party may apply for an order modifying or limiting any designation or otherwise modifying this Stipulation and Protective Order in any respect.

Neither the entry of this Order, nor the designation of any information or documents as Confidential Information or failure to make such designation, shall constitute evidence or an admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of Confidential Information. Moreover, nothing in this Stipulation and Protective Order shall be construed to require any party to disclose to any other party any Confidential Information, or to prohibit any party from refusing to disclose Confidential Information to any other party. Nothing in this Stipulation and Protective Order shall be construed as limiting or extinguishing a party's right to object to the admissibility of any of the

contents of documents produced or obtained but designated Confidential Information.

IX.

LIMITATION ON USE OF CONFIDENTIAL INFORMATION

Information designated Confidential Information, including extracts, copies and summaries thereof, shall be used for no purpose other than is reasonably necessary for prosecuting or defending legal claims in this action. Confidential Information shall not be used or disclosed by either party or persons for any other purpose, unless specifically agreed to in writing by the parties to this action or as authorized by further order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

The restrictions on use or disclosure of Confidential Information established by this Stipulation and Protective Order are applicable only to the use and disclosure of Confidential Information by the recipient of such information so designated by the other party. A designating person or party is permitted to treat the information in any manner it desires, irrespective of any designation of the information as Confidential Information.

X.

SURVIVAL OF OBLIGATION

The obligations created by this Stipulation and Protective Order shall survive the termination of this action unless otherwise modified by the Court. The Court shall retain

///

jurisdiction, even after termination of the lawsuit, to enforce this Stipulation and Protective Order and to make such amendments and modifications to this Order as may be appropriate.

IT IS SO STIPULATED.

Michael E. Wilbur attests that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: November 23, 2004

COOK & ROOS LLP

By: /s/ Michael E. Wilbur
Michael E. Wilbur
Attorneys for Defendant
MEYERS PRINTING
COMPANIES, INC.

Dated: November 22, 2004

LAW OFFICES OF DAVID MATTINGLY

By: /s/ David J. Mattingly
David J. Mattingly
Attorney for Plaintiff
Charlotte Rawa

IT IS SO ORDERED:

Dated: 12·03·2004

The Honorable Charles R. Breyer
United States District Court Judge

PROMISE OF CONFIDENTIALITY

I have read and understood the Stipulation for Protective Order and Order thereon ("Stipulation") entered in this action. I agree to abide by the terms of the Stipulation. I specifically agree never to disclose any information designated Confidential Information. I have received to anyone other than the parties in this case or their attorneys. Upon request of the person from whom I received any documents designated as Confidential Information, I specifically agree to immediately return any documents that are designated as Confidential Information to the person from whom I received the documents.

Dated: ______________________

______________________________
[NAME]